UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNY McKIMMY ELZEMEYER,
individually and as the Executrix of the
Estate of Michael McKimmy,

    Plaintiff,                                      Case No. 12-10718

v.                                               Hon. John Corbett O'Meara

MJM COMPANY, *et al.,*

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

Before the court is Defendant Richard McKimmy's motion to dismiss, filed March 19, 2012. Plaintiff filed a response on April 3, 2012; Defendant filed a reply on April 12. Defendant Lachhman Jindal filed a joinder in the motion to dismiss on May 7, 2012. The court heard oral argument on May 10, 2012, and took the matter under advisement. For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

Plaintiff Jenny McKimmy Elzemeyer, individually and as executrix of the estate of Michael McKimmy, filed this action on February 16, 2012, alleging various claims against MJM Company, Lachhman Jindal, and Richard McKimmy in connection with the breach of a partnership agreement. MJM Company is a partnership formed by Jindal, Richard McKimmy, and Michael McKimmy, who died in 2006. Elzemeyer contends that the partnership agreement requires the partners to buy out Michael McKimmy's interest, which they have failed to do. Elzemeyer asserts claims for breach of contract, breach of fiduciary duty, conversion, and an

accounting.

## LAW AND ANALYSIS

Defendants McKimmy and Jindal seek dismissal of the complaint based upon the arbitration clause in the partnership agreement, which provides: "Any claim arising out of or relating to this Agreement shall be settled by arbitration in accordance with the rule of the American Arbitration Association, and any judgment upon the award rendered may be entered in any court having jurisdiction." Compl. at Ex. A, ¶ 14. Plaintiff does not dispute that the parties entered into an agreement to arbitrate and that the scope of that agreement encompasses her claims. See Javitch v. First Union Securities, Inc., 315 F.3d 619, 624 (6th Cir. 2003) ("Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement.").

Plaintiff argues, however, that Defendants waived their right to arbitrate the dispute. "[T]here is a strong presumption in favor of arbitration, and ... waiver of the right to arbitration is not to be lightly inferred." O.J. Dist., Inc. v. Hornell Brewing Co., 340 F.3d 345, 355 (6th Cir. 2003) (citation omitted). Nonetheless, the right to arbitrate may be waived by a party acting "completely inconsistent" with that right, such as "delaying its assertion to such an extent that the opposing party incurs actual prejudice." Id.; see also General Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir. 2002). "Though we have declined to sharply define what conduct suffices, it typically involves a defendant's failure to timely invoke arbitration after being sued or its interference with a plaintiff's pre-litigation efforts to

arbitrate. The strong presumption in favor of arbitration works against finding waiver in cases other than those with the most compelling fact patterns." JDP, Inc. v. Dicello, 539 F.3d 388, 393 (6th Cir. 2008) (citation omitted).

Plaintiff contends that Defendants ignored her repeated requests for a buy out and that she was "met with the run around from Defendants." Plaintiff suggests that it was Defendants' obligation to invoke arbitration at some point prior to the filing of this action. A defendant does not have "an affirmative obligation to invoke its contractual right to arbitration before a claim was filed against it," however. Gordon v. Dadante, 294 Fed. Appx. 235, *4 (6th Cir. 2008). Plaintiff does not allege that she attempted arbitration, or that Defendants interfered with her attempts to do so. Nor have Defendants delayed invoking their right to arbitration upon the filing of this action. Plaintiff's allegations do not create the "compelling fact pattern" necessary for the court to find waiver.

## ORDER

Therefore, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED and the complaint is DISMISSED.

               s/John Corbett O'Meara
               United States District Judge

Date: May 15, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 15, 2012, using the ECF system.

               s/William Barkholz
               Case Manager